IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES WILLIS, | ) | File No. Civ. # 13-5010 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| CONTINENTAL WESTERN INSURANCE COMPANY, AND BERKLEY RISK ADMINISTRATORS COMPANY, LLC, | ) ) ) ) ) | FILED<br>JAN 24 2013 |
| Defendants. | ) | |

Comes now the above named Plaintiff and for his cause of action states as follows:

## THE PARTIES

1. Plaintiff is a resident of Missouri.

2. Defendants Continental Western Insurance Company and Berkley Risk Administrators Company, LLC (BRAC) are corporations that are organized and have their primary place of business outside the state of South Dakota.

3. The amount in controversy exceeds $75,000.00.

## BACKGROUND FACTS

4. Charles Willis was previously an employee of Milbank House Movers, Inc., a company operating in South Dakota.

5. Continental Western Insurance Company provided workers' compensation insurance to Milbank House Movers, Inc., and BRAC administered the claims for Continental Western.

6. On June 5, 2005, Plaintiff was severely injured while acting in the scope of his

employment, and in the process of moving a house, when it fell off of its supports on top of Plaintiff, resulting in surgical amputation and excision of his left leg, left hip, left side of his pelvis, and associated organs including bladder and colon.

7. Plaintiff remained hospitalized for several months following the injury.

8. Since his release from the hospital, Plaintiff has required 24 hour attendant care, and cannot safely or effectively remain alone due to his care needs and impaired mobility.

9. Plaintiff's wife, Stacy Willis, has provided 24 hour care, including attention to all personal and medical needs.

10. Stacy Willis terminated her own employment in order to attend to her husband on a 24 hour basis.

11. South Dakota law requires that "the employer shall provide necessary first aid, medical, surgical, and hospital services, or other suitable and proper care ... ." SDCL §62-1-1.

12. Under rules adopted by the South Dakota Department of Labor, attendant care is compensable by workers' compensation insurer if the employer has knowledge of the employee's disability and need of assistance as a result of a work related accident; the care given by a spouse or other healthcare provider is extraordinary and beyond normal household duties; and there must be a means of determining the reasonable value of the services rendered by the spouse or other healthcare provider.

13. Ordinary, non-compensable housekeeping tasks include cleaning, preparation of meals, and washing and mending clothes. Compensable tasks include serving meals in bed, bathing and dressing, administering medication and assisting with sanitary functions.

14. BRAC and Continental Western knew or should have known Chuck Willis required

this care, and that Stacy Willis was providing care for Chuck Willis.

15. BRAC and Continental Western either knew, or should have known of the rule used by the South Dakota Department of Labor in determining compensability for attendant care.

16. BRAC and Continental Western either knew or should have known that the care provided by Stacy Willis to her husband met the requirements for compensability.

17. Defendants knew or should have known that Plaintiff and his wife were under severe financial and emotional distress as a result of their circumstances following Plaintiff's catastrophic injury.

18. Yet, BRAC and Continental Western did not pay for any home health care services.

19. BRAC and Continental Western also began withholding other expenses related to necessary care, including the failure to pay various medical expenses and mileage expenses.

20. As a result of the withholding of compensable benefits by BRAC and Continental Western, Plaintiff was forced to obtain legal representation and incur legal expenses.

21. Counsel for Mr. Willis requested that BRAC and Continental Western approve compensation for attendant care provided by Stacy Willis.

22. BRAC responded by stating that it was not willing to compensate Mrs. Willis because she was not a medical provider as defined by SDCL §62-1-1.1.

23. BRAC either knew, or through the exercise of a reasonable investigation, should have known, that Stacy Willis did not need to be a licenced medical provider in order for her services to be compensable, as long as she met the other requirements of the test set forth by the South Dakota Department of Labor.

24. Willis' counsel initiated a formal petition with the South Dakota Department of

Labor seeking benefits being withheld by BRAC and Continental Western.

25. Approximately 3 years after Willis' injury, Defendants admitted that some benefits for home healthcare were owing.

26. When the parties could not agree on the amount owing for her services, counsel for Charles Willis asked Defendants, through their counsel, to pay that amount that Defendants felt was owing and the parties could resolve any remaining disputed amounts later.

27. Defendants declined to do that, and instead, on July 8, 2009, offered $50,000.00 for all past due home healthcare benefits. They offered to pay future benefits at a rate of 4 hours per day, at $7.50 per hour, and sought a release of any further claims for additional amounts.

28. Not until December 18, 2009, did Defendants agree to remit any funds in payment for home healthcare, without also requiring a release of further claims, and even then, reserved the right to continue disputing entitlement to compensation for home healthcare services.

29. Not until September 2, 2011, did Charles Willis reach a final agreement with Defendants concerning payment of home healthcare expenses, and other expenses related to necessary care, at which time Defendants finally agreed to pay an additional $461,000.00 for past due home healthcare expense. Defendants also agreed to pay $10,000.00 for past mileage/travel expenses incurred in connection with necessary care, as well as $4,000.00 allocated toward the cost of air conditioning of claimant's home, another necessary care expense.

30. Defendants also agreed to pay $250.00 per day for future home healthcare provided by Stacy Willis.

## COUNT I - BAD FAITH

31. Plaintiff incorporates paragraphs 1 through 30 above, as though repeated at length

herein.

32. BRAC and Continental Western lacked a reasonable basis to withhold benefits associated with home healthcare provided to Plaintiff; and either knew of the lack of reasonable basis, or should have known of the lack of reasonable basis with a reasonable investigation. Yet, BRAC and Continental Western denied the claim.

33. After Defendants, through admissions by BRAC, admitted knowing that benefits were owing, Defendants refused to pay even that amount as to which no dispute existed, choosing to instead hold back undisputed amounts as additional leverage to assist Defendants in achieving a better negotiated outcome as to the remaining amounts claimed by Charles Willis.

### COUNT II - AIDING AND ABETTING THE TORT OF BAD FAITH

34. Plaintiff incorporates paragraphs 1 through 33 above, as though repeated at length herein.

35. Defendant BRAC provided substantial assistance or encouragement to Continental Western in breaching the duty of good faith to Plaintiff, knowing that it constituted a breach of duty.

36. BRAC knew that denial of Willis' claim for home healthcare expenses lacked a reasonable basis, and yet, acting on behalf of Continental Western, continued to refuse payment.

37. For its part, Continental Western knows that the duty of good faith and fair dealing is not a delegable duty, and Continental Western either knew or should have known of the violation of duty.

### DAMAGES

38. As a proximate result of Defendants' conduct, Charles Willis has been harmed from

withholding money rightfully belonging to him and owing to his wife for her service, and the resultant loss of use of those funds over a period of years, and emotional distress resulting from withholding of those funds, and the additional burden of being required to hire lawyers, incur expenses, and pursue lengthy efforts to obtain funds rightfully belonging to he and his wife.

## PUNITIVE DAMAGES

39. Defendants acted with malice, fraud, or oppression, and in reckless disregard of the rights of Charles and Stacy Willis.

40. As a result, punitive damages are appropriate.

**WHEREFORE**: Plaintiff requests such damages and relief as supported by the evidence, and as appropriate under the circumstances. Plaintiff also requests attorney's fees, taxable costs, and interest as appropriate.

## TRIAL BY JURY IS HEREBY DEMANDED

Dated this 17th day of January, 2013.

*/s/ Mike Abourezk*
Mike Abourezk
ABOUREZK LAW FIRM
2020 W. Omaha St.
P.O. Box 9460
Rapid City, SD 57709-9460
(605) 342-0097 Telephone